UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| PANSY HOLLADAY AND JOHN HOLLADAY | * * * | CIVIL ACTION NO.: |
| | * | JUDGE: |
| VERSUS | * * | MAG. JUDGE: |
| | * | |
| LOWE'S HOME CENTERS, LLC | * | JURY TRIAL |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE,** Defendant, **Lowe's Home Centers, LLC ("Lowe's")**, by and through undersigned counsel, hereby submits this Notice of Removal of the 4th Judicial District Court action, referenced herein, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the Notice of Removal, Lowe's avers as follows:

1. On or about September 12, 2022, an action was commenced by Pansy Holladay and John Holladay ("Plaintiffs") and was captioned, *"Pansy Holladay and John Holladay vs. Lowe's Home Centers, LLC; Monroe Limited Liability Company,"* bearing Suit No.: C-20223291 in the 4th Judicial District Court, Parish of Ouachita, State of Louisiana.[1]

2. Plaintiff, Pansy Holladay, asserted bodily injury claims wherein she alleges that on or about November 8, 2021, she tripped over cable that extended between lawn mowers at a Lowe's Home Centers, LLC store.[2]

3. Due to the alleged incident, in the Petition for Damages, Plaintiff claimed she sustained unspecified injuries to her hip, leg, and foot.[3]

---

[1] *See*, Plaintiff's Petition for Damages attached hereto as **Exhibit A**.
[2] *See*, **Exhibit A** at ¶ 5.
[3] *See*, **Exhibit A** at ¶ 10.

1

4. Plaintiff's vague allegations of injuries did not evidence an amount in controversy within the Court's jurisdictional requirement.[4]

5. However, on January 31, 2023, counsel for Lowe's received discovery responses from Plaintiffs' counsel which included medical billing records from Plaintiff's post-accident treating healthcare providers, showing past medical expenses of $95,088.27.[5]

6. Now, with these medical billing records, there is evidence that the amount in controversy will exceed this Court's jurisdictional requirement, making this claim removable to federal court.

**Diversity of Citizenship**

7. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter based upon complete diversity of citizenship between the parties.

8. Plaintiffs are residents and domiciliaries of the Parish of Caldwell, State of Louisiana.[6]

9. For purposes of diversity jurisdiction, limited liability companies are citizens of every state in which their members are citizens.[7]

10. Defendant, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member, Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

11. Accordingly, there is complete diversity among the parties.

---

[4] *See,* **Exhibit A.**
[5] *See,* Excerpts of Plaintiff's Discovery Responses attached hereto as Exhibit B.
[6] *See,* **Exhibit A.**
[7] *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008); *Thymes v. AT&T Mobility Servs., LLC,* No. 6:18-CV-00867, 2018 WL 6920356, at *3 (W.D. La. Dec. 4, 2018), *report and recommendation adopted,* No. 6:18-CV-00867, 2019 WL 81591 (W.D. La. Jan. 2, 2019).

## Amount in Controversy

12. Removal is proper when the removing defendant proves by a preponderance of the evidence the amount in controversy exceeds $75,000. The removing defendant need only set forth facts in its removal petition supporting a finding of the requisite amount in controversy.[8]

13. Because plaintiffs in Louisiana state courts, by law,[9] may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10]

14. Plaintiff's Petition for Damages was not removable on its face. She generically alleged she sustained injuries to her hip, leg, and foot.[11]

15. Plaintiff's medical treatment to date has included surgery and almost $100,000 in medical specials.[12]

16. It became apparent that Plaintiff's claims exceeded the $75,000 jurisdictional requirement for removal on January 31, 2023, when Lowe's received Plaintiff's medical billing records contained in Plaintiff's discovery responses.

17. While Lowe's denies that any of Plaintiff's alleged injuries are causally related to the subject accident, based on the information contained in the certified billing records, the alleged amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.[13]

---

[8] *Guillory v. Progressive Paloverde Ins. Co.*, No. 2:13-CV-01980, 2013 WL 6180294, at *1 (W.D. La. Nov. 25, 2013).
[9] La. Code Civ. Proc. Art. 893(A)(1).
[10] *See, Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).
[11] *See*, Exhibit A at ¶ 2.
[12] *See*, Exhibit B.
[13] *E.g., Wolf v. Balfour Beatty Rail, Inc.*, 2008 WL 1819931 (W.D. La. Apr. 22, 2008); *Montana v. Progressive Gulf Ins. Co.*, No. 18-9432, 2019 WL 290643 (E.D. La. Jan. 23, 2019); *Bateman v. Toys "R" US-Delaware, Inc.*, No.17-21, 2017 WL 3492536 (M.D. La. July 26, 2017), *report and recommendation adopted*, No.17-21, 2017 WL 3485506

## The Other Prerequisites for Removal Have Been Satisfied

18. Notices of removal are governed by 28 U.S.C. § 1446(b), which provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of ... other paper from which it may first be ascertained that the case is one which is or has become removable."

19. Plaintiffs commenced the state court proceeding on or about September 12, 2022. However, the case was not originally removable because the Petition for Damages did not allege a specific amount of damages sought.

20. Lowe's came into possession of "other paper," namely medical billing records from Plaintiff's treating healthcare providers, regarding her post-accident treatment, on January 31, 2023, from which it was ascertainable this case was removable pursuant to 28 U.S.C. § 1446(b)(3). After reviewing these medical billing records, Lowe's was put on notice that the amount in controversy exceeded $75,000. Therefore, the Notice of Removal is timely.[14]

21. Because there is complete diversity of citizenship between Plaintiffs and Lowe's, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332, and accordingly, this action may be removed to this Honorable Court, pursuant to 28 U.S.C. § 1441 and 1446.

22. The United States District Court for the Western District of Louisiana is the federal judicial district embracing the 4th Judicial District Court, Parish of Ouachita, in the

---

(M.D. La. Aug. 14, 2017); and *Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016), *report and recommendation adopted*, No. 16-158, 2016 WL 4033981 (M.D. La. July 26, 2016).
[14] 28 U.S.C. § 1446(b).

State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court, pursuant to 28 U.S.C. § 1441(a).

23. The state proceedings may be removed to a federal court in the Western District of Louisiana because complete diversity of citizenship between the properly joined parties exists, and the amount in controversy exceeds statutory requirements.

## Other Procedural Matters

24. A copy of this Notice of Removal is being served on Plaintiffs' attorney of record in the state court proceeding, and a copy is also being filed with the 4th Judicial District Court, Parish of Ouachita, State of Louisiana.[15]

25. Consistent with the provisions of 28 U.S.C § 1446(d), no further proceedings shall occur in this matter in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.

26. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, and that to the best of her knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and law and that it is not interposed for any improper purpose.

27. By filing this Notice of Removal, Lowe's does not waive, and hereby reserves, all defenses and objections to the Plaintiffs' Petition for Damages.

**WHEREFORE**, Defendant, Lowe's Home Centers, LLC, prays for removal of the above captioned matter from the docket of the 4th Judicial District Court, State of Louisiana, to the docket of the United States District Court for the Western District of Louisiana, and for trial by jury and other determinations as required by law. Lowe's Home Centers, LLC further prays that this Court

---

[15] 28 U.S.C. § 1446(d).

enter such orders and issue such process as may be proper to bring before it such state court proceeding, and to thereupon proceed with this civil action as if it had been commenced originally in this Honorable Court.

Respectfully Submitted by:

TAYLOR, WELLONS, POLITZ & DUHE, LLC

/s/ Doran L. Drummond
D. Scott Rainwater, T.A. (Bar Roll No. 30683)
Doran L. Drummond (Bar Roll No. 35758)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: (225) 387-9888
Fax: (225) 387-9886
srainwater@twpdlaw.com
ddrummond@twpdlaw.com
**Counsel for Lowe's Home Centers, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Removal has been electronically filed with the Clerk of Court of the United States District Court for the Western District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF System, this 17th day of February 2023.

/s/ Doran L. Drummond
TAYLOR, WELLONS, POLITZ & DUHE, LLC
