UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PANSY HOLLADAY ET AL** | **CASE NO. 3:23-CV-00212** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LOWES HOME CENTERS L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 16] filed by Defendant Lowes Home Centers LLC ("Defendant" or "Lowes"). Pansy Holladay ("Mrs. Holladay") and John Holladay ("Mr. Holladay") (collectively, "Plaintiffs") filed a Response in Opposition [Doc. No. 19], and Defendant has filed a Reply to the Opposition [Doc. No.20].

For the reasons set forth herein, Lowe's Motion for Summary Judgment is **GRANTED.**

**I.     FACTS AND PROCEDURAL BACKGROUND**

This is a trip-and-fall case arising out of a November 8, 2021, incident at Lowe's in Monroe, Louisiana.[1] Plaintiffs initially went to Lowe's to search for a new washing machine.[2] Prior to entering the store, Plaintiffs passed in front of a lawn mower display.[3] The display consisted of lawn mowers lined side by side, resulting in narrow walk space between each mower.[4] All lawn mowers were essentially connected with a cable running along the back side of the mower for security purposes.[5] Plaintiffs became "sidetracked" by the display of lawn mowers and, instead of entering the store, both walked through the display.[6] Mr. Holladay

---

[1] [Doc. No. 19-6 ¶ 3].
[2] [Doc. No. 19-4 p. 54].
[3] [Id. at 14].
[4] [Doc. No. 16-4 p. 5].
[5] [Doc. No. 16-4 p. 7].
[6] [Doc. No. 16-4 p. 4].

1

continued through the display walking towards the entrance of the store when Mrs. Holladay stopped to look at the label on one of the lawn mowers.[7] As Mrs. Holladay stood up, she took a full step forward with her left leg when her right foot "just barely caught whatever it caught"[8] but it "felt like a cable."[9]

It is disputed whether Plaintiffs, particularly Mrs. Holladay, was aware of the security cable before the trip and fall.[10] Mr. Holladay did not see the fall as his back was facing Mrs. Holladay and there were no witnesses to the incident.[11] Following the fall, Mrs. Holladay suffered a broken hip.[12]

Plaintiff filed suit in the Fourth Judicial District on or around September 12, 2022. The suit was properly removed to this court on the basis of diversity jurisdiction. Plaintiff alleges that Defendant violated La. Rev. Stat. § 9:2800.6. Defendant contends that Plaintiffs cannot prove the causation element, which is an essential element to any tort claim and thus, Defendant should be entitled to summary judgment on the claim.

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving

---

[7] [Doc. No. 19-6 p. 2].
[8] [Doc. No. 19-4 p. 24].
[9] [Id. at 46].
[10] [Doc. No. 19-3 p. 2, ¶ 5].
[11] [Doc. No. 19-5 p. 5].
[12] [Doc. No, 16-4 p. 6].

party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

**B.    Louisiana Revised Statute 9:2800.6**

Plaintiffs' claims fall under the Louisiana Merchant Liability Act, which states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable

> effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The statute requires the plaintiff to prove: (1) there was a condition that presented an unreasonable risk of harm, and that risk of harm was reasonably foreseeable; (2) the merchant either created the condition or had actual or constructive notice of the condition; and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081, 1084 (La. 1997).

Courts have adopted a risk/utility balancing test to determine whether a condition was unreasonably dangerous. The test is as follows: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K Stores, Inc.* 359 So.3d 467, 474 (La. 2023) (citing *Broussard*), 113 So.3d at 184; *Dauzat v. Curnest Guillot Logging, Inc.*, 08-528, p. 5 (La. 12/2/08), 995 So.2d 1184, 1186-87 (per curiam); *Hutchinson v.*

*Knights of Columbus, Council No. 5747*, 03-1533, pp. 9-10 (La. 2/20/04), 866 So.2d 228, 235; *Pitre v. Louisiana Tech Univ.*, 95-1466, pp. 11-15 (La. 5/10/96), 673 So.2d 585, 591-93.

"If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached." *Farrell*, 359 So.3d at 478.

### 1. Causation

"Causation is an essential element, as a matter of both general negligence, as well as custodial liability." *Cormier v. Dolgencorp, Inc.,* 136 App'x 627, 627-28 (5th Cir. 2005). Defendant argues that Plaintiffs cannot satisfy their burden of proof as required under La. Rev. Stat. § 9:2800.6 to show that the alleged security cable caused the incident at issue. Thus, because Plaintiffs cannot prove what caused the fall, they cannot prove that their alleged injuries emerged from an unreasonably dangerous condition on the merchant's premises.

In *Mooty v. Centre at Westbank LLC*, 63 So.3d 1062 (5th Cir. 2011), plaintiff speculated that she tripped over a tire stop or rebar. The district court granted summary judgment and the Fifth Circuit affirmed because plaintiff stated in her deposition that she "tripped on something" but did not know what. *Id*. at 1067. The Fifth Circuit stated that the plaintiff pointed to only one line in her testimony where she stated that she "fell on a little strip of concrete." *Id*. at 1065. Yet, when considering plaintiff's testimony as a whole, it was undisputed that plaintiff did not know what caused her to fall. *Id.*

Moreover, an instructive case is found in *Ruello v. JP Morgan Chase Bank, N.A.,* 2021 WL 5998576, where Ruello stated in his deposition that after he tripped and fell, he observed the area to see what might have caused him to trip. He realized there was a sprinkler head sticking up two or three inches above the pavement and "didn't see any other obstruction that might have

tripped [him] like that." *Id.* at 2. The district court ruled that this testimony was the only evidence that "might" suggest that the sprinkler was the cause of Ruello's fall. *Id.* at 3. "This testimony, without more, is wholly insufficient for plaintiffs to carry their burden on causation at trial." *Id.* Ruello only argued that the sprinkler head caused his fall because it was the only obstruction he noticed. *Id.* He did not cite to any positive facts supporting such a theory. *Id.* Thus, "Ruello's sprinkler-head theory [was] purely speculative, and 'proximate cause may not be established by speculation or conjecture.'" *Id.*

Further, in *Tomaso v. Home Depot, U.S.A., Inc.*, 174 So.3d 679, plaintiff was initially not "a hundred percent sure" what he tripped on when he dismounted from a lawn mower at Home Depot. *Id.* at 683. However, plaintiff learned of the presence of a zip tie and believed the zip tie was "the only thing" that could have caused his fall. *Id.* The Louisiana First Circuit Court of Appeal ruled that in the absence of additional evidence, mere speculation could not carry his evidentiary burden. *Id.*

Similar to *Ruello, Mooty*, and *Tomaso*, Mrs. Holladay only assumes that the security cable was the tripping hazard because she noticed the cable before the fall and during the fall "it felt like a cable because there was no give to it." However, this notion, without more is purely speculation. Mrs. Holladay admits she does not know exactly what caused her fall and only attributes the hazard of the security cable because it was the most noticeable object around at the time of the incident. There were no witnesses to the incident and there were no pictures taken of the security cable. The only evidence submitted to corroborate Plaintiffs' claims was a video shot from the Lowe's parking lot in which it is ambiguous as to what exactly caused Mrs. Holladay to fall. Even though Mrs. Holladay did in fact take a step forward and briefly paused before falling

6

to the ground, it is unclear whether it was the security cable that caught her foot or something else.

Moreover, Mrs. Holladay even admitted that after watching the video, she could not tell what caused her to trip.

> Q: Now, when we spoke earlier, you said that you weren't 100 percent sure what you tripped on. After watching the video, do you know what you tripped on?
>
> A: I can't tell from that.[13]

Without more positive evidence, the Court finds that unsubstantiated assertions as to what caused the accident cannot supply the factual support necessary for Plaintiffs to meet their evidentiary burden at trial. Accordingly, no genuine dispute exists, and Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 16] filed by Defendant Lowe's is **GRANTED**, and Plaintiffs' claims against Defendant Lowe's are hereby **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 28th day of September, 2023.

                                                                   TERRY A. DOUGHTY
                                                                   UNITED STATES DISTRICT

---

[13] [Doc. No. 16-4 p. 14].