# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 7, 2024
Lyle W. Cayce
Clerk

_____

No. 23-30769
_____

Pansy Holladay; John Holladay,

*Plaintiffs—Appellants*,

*versus*

Lowe's Home Centers, L.L.C.; Monroe, L.L.C.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-212
_____

Before King, Stewart, and Higginson, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

No. 23-30769

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

Certified as a true copy and issued
as the mandate on **Aug 29, 2024**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 7, 2024
Lyle W. Cayce
Clerk

No. 23-30769

———

Pansy Holladay; John Holladay,

*Plaintiffs—Appellants*,

*versus*

Lowe's Home Centers, L.L.C.; Monroe, L.L.C.,

*Defendants—Appellees*.

———

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-212

———

Before King, Stewart, and Higginson, *Circuit Judges*.

Per Curiam:[*]

In this trip and fall case, which occurred at a Lowe's Home Centers, L.L.C. ("Lowe's") store, the district court granted summary judgment in favor of Lowe's on grounds that Plaintiffs-Appellants, Pansy and John Holladay, failed to establish a genuine issue of material fact as to what caused Pansy's trip and fall. Because we agree with the district court that the Holladays failed to establish, through competent summary judgment

———

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidence, the causation element of their negligence claim against Lowe's, we AFFIRM.

## I. Factual & Procedural Background

According to Pansy's deposition testimony, on November 8, 2021, she and her husband John visited the Lowe's store in Monroe, Louisiana for the purpose of purchasing a washing machine. When they approached the front of the store, they observed a display of twelve riding lawn mowers parked side by side in a row. For security purposes, the lawn mowers were connected by a cable, which ran along the backs of the mowers.

Pansy testified that instead of approaching the entrance to the store, she walked through the narrow walkway between two of the mowers to look at them more closely. After bending down to read the label on one of the mowers, she stood back up and took a step with her left foot toward the store entrance. Then, when she attempted to take another step with her right foot, she tripped and fell, breaking her left hip.

Pansy explained during her deposition that just prior to her fall, "I got up and turned to go join [John], and that was when my toes barely hooked what I think was the cord. I, of course, wasn't looking at it, but it felt like it had a give. It wasn't—it didn't feel like I hooked a tractor tire or anything." When asked "And you don't recall exactly what you tripped on?" Pansy replied, "I don't know for sure," later stating, "if I would have been looking at it, I wouldn't have tripped on it . . . my toe just barely caught whatever it caught." Later, when asked again what caused her to fall, Pansy replied, "I do not know what caught my toe . . . I just assumed it was the cable because I knew it wasn't like the tractor tire." Lowe's counsel then responded, "But it could have been something else?" Pansy answered, "Could have been. I didn't see anything else there, but I didn't really look at the cable either." John did not observe Pansy trip and fall and there were no other witnesses to

the incident. Although there is video surveillance footage of the incident, Pansy's feet and the area where she tripped and fell are obscured from view by one of the lawn mowers in the display.

On September 12, 2022, the Holladays filed this lawsuit against Lowe's in Louisiana state court. Lowe's subsequently removed the case to federal court on grounds of diversity jurisdiction. *See* 28 U.S.C. § 1332. Lowe's then moved for summary judgment, arguing that the Holladays had failed to establish the causation element of their tort claim under the Louisiana Merchant Liability Act. *See* LA. STAT. ANN. § 9:2800.6. The district court agreed with Lowe's and rendered summary judgment in its favor, dismissing the Holladays' claims with prejudice. This appeal ensued.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff's subjective beliefs, conclusory allegations, speculation, or unsubstantiated assertions are insufficient to survive summary judgment. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "A panel may affirm summary judgment on any ground

supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

"When jurisdiction is based on diversity, this [c]ourt must apply the substantive law of the forum state, here Louisiana." *Cent. Crude, Inc. v. Liberty Mut. Ins. Co.*, 51 F.4th 648, 652–53 n.4 (5th Cir. 2022) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### III. Discussion

On appeal, the Holladays argue that the district court erred in holding that they did not satisfy the causation element of their negligence claim against Lowe's. In support of their argument, they point to two pieces of evidence that they assert create a material question of fact regarding causation: (1) Pansy's deposition testimony and (2) the video surveillance footage from Lowe's that captured the incident. According to the Holladays, this evidence proves that the security cable that ran along the back of the lawn mowers that were in the display caused Pansy to trip and fall. We disagree.

Under Louisiana law, "every act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." *Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017) (quoting La. Civ. Code art. 2315(A)). "Whether a claim arises in negligence under [Article] 2315 or in premises liability under [Article] 2317.1, the traditional duty/risk analysis is the same." *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467, 473 (La. 2023) (citing La. Civ. Code arts. 2315, 2317.1). The duty/risk analysis requires the plaintiff to "prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's

substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element)." *Id.* (citation omitted).

As this court has acknowledged, Louisiana statutory law further refines the duty/risk analysis for merchants such as Lowe's. *See Duncan*, 863 F.3d at 409. Pursuant to the Louisiana's merchant liability statute, merchants "owe[ ] a duty . . . to exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition, which includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* (internal quotation marks omitted) (citing LA. STAT. ANN. § 9:2800.6(A)). To support a claim for damages against a merchant resulting from "an injury . . . or loss sustained because of a fall due to a condition existing in or on [the] premise[s]," the plaintiff must show that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;]
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and]
>
> (3) The merchant failed to exercise reasonable care.

*Id.* (citing LA. STAT. ANN. § 9:2800.6(B)); *see also Thompson v. Winn–Dixie Montgomery, Inc.*, 181 So.3d 656, 662 (La. 2015). The merchant is only liable if all three of these elements are proven along with each of the elements of the plaintiff's cause of action. *Id.*; *see also White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997) ("[I]n addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B).").

"Whether there was a breach of the duty owed is a question of fact or a mixed question of law and fact." *Farrell*, 359 So.3d at 474. "Louisiana courts apply the risk/utility balancing test to make this determination." *Id.* (citation omitted). The Louisiana Supreme Court "has synthesized the risk/utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.* (citation omitted).

In the proceedings below, the district court held that Lowe's was entitled to summary judgment because the Holladays failed to supply the factual support necessary to meet their evidentiary burden required to prove the causation element of their negligence claim. We agree. As Lowe's points out, Pansy's deposition testimony reveals that, although she can speculate as to what caused her to trip and fall, she has never actually known what caused her to trip and fall and remains uncertain even now. Multiple statements from Pansy's deposition such as "I do not know what caught my toe . . . I just assumed it was the cable" bely her assertion on appeal that she "has personal knowledge that she tripped on the security cable." At most, she offers her speculation-based assumptions as to what caused her to trip and fall. But as this court has long held, "[a] plaintiff's subjective beliefs, conclusory allegations, speculation, or unsubstantiated assertions are insufficient to survive summary judgment." *See Carnaby*, 636 F.3d at 187.

Moreover, while the Lowe's video surveillance footage captured the event itself, the footage does not show precisely what caused Pansy to trip and fall because her feet and the area where she was standing when she fell are obscured by one of the lawn mowers in the display. As the district court observed, even after watching the video surveillance footage, Pansy conceded

that she still did not know what caused her to trip and fall. When asked "Now, when we spoke earlier, you said that you weren't 100 percent sure what you tripped on. After watching the video, do you know what you tripped on?" Pansy replied, "I can't tell from that." Indeed, on appeal, the Holladays merely contend that "[t]he video of the accident depicts [Pansy] tripping at the back of the Lawn Mower Display, which *is consistent with* [Pansy]'s description of the location of the cable."

Given that the Holladays have offered no more in support of the causation element of their negligence claim than obscured video footage and Pansy's "speculation," we agree with the district court that they have not raised a genuine issue of material fact to defeat summary judgment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" (internal quotation marks and citation omitted)). Louisiana jurisprudence, and Fifth Circuit caselaw applying the same, further support our conclusion. *See Tomaso v. Home Depot, U.S.A., Inc.*, 2014-1467 (La. App. 1 Cir. 6/5/15), 174 So.3d 679, 683 ("[The plaintiff] testified that at the time of the accident, he was not 'a hundred percent sure' what he tripped on. After falling, [the plaintiff] learned of the presence of the zip tie and . . . once he saw the zip tie, he considered that to be the cause. However, speculation as to what caused an accident cannot supply the factual support necessary to show that a plaintiff would be able to meet his evidentiary burden of proof at trial."); *Mooty v. Centre at Westbank LLC*, 10-792 (La. App. 5 Cir. 3/29/11), 63 So.3d 1062, 1067–68 ("[The plaintiff] clearly stated that she did not know what caused her to fall . . . [t]hus, [her] testimony [fails to] create[] a genuine issue of material fact[.]"); *Reed v. Home Depot USA, Inc.*, 37,000 (La. App. 2 Cir. 4/9/03), 843 So.2d 588, 591 ("[The plaintiff's] speculation as to what caused the accident cannot supply the *factual support* necessary to show that the

plaintiff would be able to meet her evidentiary burden at trial." (emphasis in original)); *Odom v. Colonel Sanders Ky. Fried Chicken*, 93-1084 (La. App. 1 Cir. 4/8/94), 636 So.2d 1027, 1029 ("Considering the evidence as a whole, and [the plaintiff's] own testimony that she was unsure of the cause of her fall, we find that [she] failed to prove the accident was caused by a hazardous condition."); *Ruello v. JPMorgan Chase Bank, N.A.*, No. 20-895, 2021 WL 5998576, at *3 (E.D. La. Dec. 20, 2021), ("[The plaintiff's] testimony indicates . . . that when he sat up and looked back, the sprinkler head adjacent to the sidewalk was the only obstruction he noticed. He does not assert any other positive facts supporting the theory that he tripped on the sprinkler head [thus, his] sprinkler-head theory is purely speculative, and 'proximate cause may not be established by speculation or conjecture[.]'"). Accordingly, we hold that the district court did not err in rendering summary judgment in favor of Lowe's and dismissing the Holladays' claims with prejudice. *Sanders*, 970 F.3d at 561.

## IV. CONCLUSION

For the aforementioned reasons, the district court's summary judgment in favor of Lowe's is AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE,  
Suite 115  
NEW ORLEANS, LA 70130

August 29, 2024

Mr. Daniel J. McCoy  
Western District of Louisiana, Monroe  
United States District Court  
300 Fannin Street  
Suite 1167  
Shreveport, LA 71101-0000

    No. 23-30769   Holladay v. Lowe's Home Centers  
                        USDC No. 3:23-CV-212

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____  
                        Rebecca L. Leto, Deputy Clerk  
                        504-310-7703

cc:  Mr. Robert Alan Breithaupt  
     Ms. Hannah Claire Catchings  
     Mr. James Raymond Close  
     Mr. Doran LeDrew Drummond  
     Mr. David Scott Rainwater